J-S47045-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| BRANDON EUGENE DAVIS | : | |
| | : | |
| Appellant | : | No. 646 EDA 2023 |

Appeal from the PCRA Order Entered February 21, 2023
In the Court of Common Pleas of Bucks County Criminal Division at
No(s): CP-09-CR-0000830-2018

BEFORE:   STABILE, J., KUNSELMAN, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY STEVENS, P.J.E.:               **FILED APRIL 3, 2024**

Brandon Eugene Davis appeals ***pro se*** from the February 21, 2023 order

dismissing his petition filed pursuant to the Post Conviction Relief Act

("PCRA"), 42 Pa.C.S.A. §§ 9541-9546.  After careful review, we affirm.

A prior panel of this Court summarized the relevant factual background

of this case as follows:

> [D]uring the evening of August 17, 201[7], Appellant
> and several co-conspirators conducted surveillance of
> the [Jonathan and Emily] Nadavs' home, and at 2:00
> a.m. on August 21, 2017, they entered the home
> carrying firearms, as well as wearing masks, gloves,
> and dark clothing.
>
> Twenty-five-year-old Elle Nadav and her twelve-year-
> old sister, C.N., were in the home, along with their
> maternal grandmother, Manya Guravich, and their

_____

[*] Former Justice specially assigned to the Superior Court.

parents, Jonathan and Emily Nadav. Their sister, Jade, was away at college.

After the men entered the home through a window, two of them approached Elle, woke her, pointed guns at her, and bound her hands with shoelaces. After she was restrained, one of the gunmen used his cellular telephone to advise someone, "We're in." The men told Elle they were there for "Yanni," which is the nickname of her father, Jonathan. One of the gunmen remained with Elle and took her wallet and cell phone. Meanwhile, a different gunman woke Manya and took her watch. A third gunman woke C.N., forced her into her parents' room, and forced her to wake them. Thus, the Nadavs awoke to find their twelve-year-old daughter being held at gunpoint.

The gunmen demanded the Nadavs open their safe, and Jonathan, who owns several clothing stores in the Philadelphia area, initially denied there was a safe. In response, a gunman slapped him hard across the face and then used his cellular telephone to advise someone, "I need help here."

Jonathan then opened the safe at gunpoint. The gunmen removed jewelry and $50,000.00 from the safe; in total, they stole more than $300,000.00 in property and cash from the Nadav house. Jonathan, Emily, C.N., and Manya were forced into a closet and warned not to call the police. Before leaving, the gunmen told Elle they knew where Jade went to college and described Jade's car. They told Elle that Jade would be killed if the family called the police. However, after the gunmen left, Emily called the police, who were dispatched at 2:32 a.m.

*Commonwealth v. Davis*, 241 A.3d 1160, 1167-1168 (Pa.Super. 2020) (citations omitted), *appeal denied*, 253 A.3d 211 (Pa. 2021).

The relevant procedural history of this case, as gleaned from the certified record, is as follows: Appellant was arrested in connection with this

incident and proceeded to a jury trial before the Honorable Diane E. Gibbons on January 28, 2019. Following a four-day trial, a jury found Appellant guilty of ten counts of robbery; burglary; two counts of criminal conspiracy; five counts of simple assault; five counts of recklessly endangering another person; false imprisonment of a minor; four counts of false imprisonment; unlawful restraint of a minor; four counts of unlawful restraint; theft by unlawful taking; theft by extortion; and criminal coercion.[1]

On May 23, 2019, the trial court sentenced Appellant to an aggregate term of 40 to 80 years' imprisonment. Following the denial of post-sentence motions, Appellant filed a timely notice of appeal on October 21, 2019. On October 23, 2020, a panel of this Court affirmed Appellant's judgment sentence, and our Supreme Court denied his petition for allowance of appeal on May 4, 2021. *See Davis*, *supra*. Appellant did not seek a writ of *certiorari* from the United States Supreme Court.

On July 13, 2021, Appellant filed a timely *pro se* PCRA petition and PCRA counsel was appointed to represent him. On September 30, 2021, PCRA counsel sought an extension of time while *Commonwealth v. Pacheco*, 263 A.3d 626 (Pa. 2021), was pending before our Supreme Court. Following our

---

[1] 18 Pa.C.S.A. §§ 3701(a)(1)(ii) and (iii), 3502, 903, 2701, 2705, 2903(b), 2903(a), 2902(b), 2902(a), 3921, 3923, and 2906, respectively.

Supreme Court's decision in **Pacheco**,[2] PCRA counsel filed a petition to withdraw and "no-merit" letter in accordance with **Turner**/**Finley**.[3]

Although still represented by PCRA counsel, Appellant filed multiple **pro se** "amended" and "supplemental" petitions on January 10, April 4, and April 7, 2022, respectively. On April 25, 2022, the PCRA court ordered PCRA counsel to address the issues raised by Appellant in response to her "no merit" letter. Thereafter, PCRA counsel filed a supplemental petition to withdraw and "no merit" letter on August 31, 2022.

On December 21, 2022, the PCRA court provided Appellant with notice of its intention to dismiss his petition without a hearing, pursuant to Pa.R.Crim.P. 907(1). Following an extension, Appellant filed a response to the PCRA court's Rule 907 notice on January 20, 2023. Thereafter, on

_____

[2] In **Pacheco**, our Supreme Court addressed the question left unresolved in **Carpenter v. United States**, 585 U.S. 296 (2018), namely whether Fourth Amendment protections extend to the collection of real-time cell site location information ("CSLI"). **Pacheco**, 263 A.3d at 638-639. In affirming the decision of this Court, our Supreme Court held in **Pacheco** that "**Carpenter's** warrant requirement for the collection of historical CSLI, which provides a comprehensive chronicle of the user's past movements, applies with equal force to the collection of real-time CSLI[.]" **Id.** at 640 (citation and original quotation marks omitted). The **Pacheco** Court reasoned that, **inter alia**, Pacheco maintained "an expectation of privacy in his location and physical movements as revealed by the Commonwealth's collection of real-time CSLI over a period of months, which society is prepared to accept as reasonable[.]" **Pacheco**, 263 A.3d at 640.

[3] **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988), and **Commonwealth v. Finley**, 550 A.2d 213 (Pa. 1988) (**en banc**).

February 21, 2023, the PCRA court granted PCRA counsel permission to withdraw and dismissed Appellant's petition. This timely ***pro se*** appeal followed on March 3, 2023.[4]

Preliminarily, we note that proper appellate review of a PCRA court's dismissal of a PCRA petition is limited to the examination of "whether the PCRA court's determination is supported by the record and free of legal error." ***Commonwealth v. Miller***, 102 A.3d 988, 992 (Pa.Super. 2014) (citation omitted). "This Court grants great deference to the findings of the PCRA court, and we will not disturb those findings merely because the record could support a contrary holding." ***Commonwealth v. Patterson***, 143 A.3d 394, 397 (Pa.Super. 2016) (citation omitted). In order to be eligible for PCRA relief, a defendant must plead and prove by a preponderance of the evidence that his conviction or sentence arose from one or more of the errors listed at 42 Pa.C.S.A. § 9543(a)(2). These issues must be neither previously litigated nor waived. 42 Pa.C.S.A. § 9543(a)(3).

As best we can discern from his disjointed, 54-page appellate brief, Appellant raises of litany of claims on appeal challenging the effectiveness of his trial, direct appeal, and PCRA counsel.[5] ***See*** Appellant's brief at x-xi. For

---

[4] Appellant and the PCRA court have complied with Pa.R.A.P. 1925.

[5] The record reflects that Appellant was represented at trial and on direct appeal by Nathan Criste, Esq. ("trial counsel" or "direct appeal counsel"), and was represented during his PCRA proceedings by Bonnie-Ann Brill Keagy, Esq. ("PCRA counsel").

the ease of our discussion, we have elected to address Appellant's allegations of trial counsel's ineffectiveness first.

## I.

Appellant argues that trial counsel was ineffective for failing to retain and call any expert witnesses on behalf to rebut the testimony of the Commonwealth's experts at trial. Appellant's brief at 6-19.

To prevail on a claim of ineffective assistance of counsel under the PCRA, a petitioner must establish the following three factors: "first[,] the underlying claim has arguable merit; second, that counsel had no reasonable basis for his action or inaction; and third, that Appellant was prejudiced." *Commonwealth v. Charleston*, 94 A.3d 1012, 1020 (Pa.Super. 2014) (citation omitted), *appeal denied*, 104 A.3d 523 (Pa. 2014).

> [A] PCRA petitioner will be granted relief only when he proves, by a preponderance of the evidence, that his conviction or sentence resulted from the [i]neffective assistance of counsel which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place.

*Commonwealth v. Spotz*, 84 A.3d 294, 311 (Pa. 2014) (internal quotation marks omitted; some brackets in original), citing 42 Pa.C.S.A. § 9543(a)(2)(ii).

"[C]ounsel is presumed to be effective and the burden of demonstrating ineffectiveness rests on appellant." *Commonwealth v. Ousley*, 21 A.3d

1238, 1242 (Pa.Super. 2011) (citation omitted), **appeal denied**, 30 A.3d 487 (Pa. 2011).

Upon review, we find that Appellant's ineffectiveness claim fails because he failed to satisfy the first prong of the aforementioned test; namely, that this claim had arguable merit. The record reflects that Appellant has failed to identify any expert witness who was available and willing to testify on his behalf. Our Supreme Court has long recognized that "[w]hen a defendant claims that some sort of expert testimony should have been introduced at trial, the defendant must articulate what evidence was available and identify the witness who was willing to offer such evidence." **Commonwealth v. Keaton**, 45 A.3d 1050, 1071 (Pa. 2012) (citation omitted). Based on the foregoing, Appellant's first ineffectiveness claim must fail.

## II.

Appellant next argues that his trial counsel was ineffective for failing to investigate and call Shavonna Baker, the mother of his child, to support his alibi defense. Appellant's brief at 20-24.

> To prove that trial counsel provided ineffective assistance for failing to call a witness, a petitioner must demonstrate:
>
> (1) the witness existed; (2) the witness was available to testify for the defense; (3) counsel knew of, or should have known of, the existence of the witness; (4) the witness was willing to testify for the defense; and (5) the absence of the testimony of the witness was so prejudicial as to have denied the defendant a fair trial.

*Commonwealth v. Brown*, 196 A.3d 130, 167 (Pa. 2018) (citation omitted).

Upon review, we find that Appellant's ineffectiveness claim fails because he failed to satisfy the second and third prongs of the aforementioned ineffectiveness test; namely, that trial counsel had no reasonable basis for his inaction and that Appellant suffered prejudice as a result. The record reflects that trial counsel called three separate alibi witnesses on Appellant's behalf at trial. *See* notes of testimony, 1/30/19 at 133-167. Appellant, in turn, failed to offer an affidavit or averment from Baker as to what she would have potentially testified to at trial, as required by Pa.R.Crim.P. 902(A)(15).[6] It is

_____

[6] Pennsylvania Rule of Criminal Procedure 902(A) provides, in relevant part, that:

> A petition for post-conviction collateral relief shall bear the caption, number, and court term of the case or cases in which relief is requested and shall contain substantially the following information:
>
> **. . . .**
>
> (15) if applicable, any request for an evidentiary hearing. **The request for an evidentiary hearing shall include a signed certification as to each intended witness, stating the witness's name, address, and date of birth, and the substance of the witness's testimony.** Any documents material to the witness's testimony shall also be included in the petition[.]

Pa.R.Crim.P. 902(A)(15).

well settled that the failure of trial counsel "to call a particular witness does not constitute ineffective assistance without some showing that the absent witness' testimony would have been beneficial or helpful in establishing the asserted defense." *Commonwealth v. Johnson*, 966 A.2d 523, 536 (Pa. 2009) (citation and internal quotation marks omitted). Based on the foregoing, Appellant's second ineffectiveness claim must fail.

## III.

Appellant next argues that his trial/direct appeal counsel was ineffective for failing to raise a weight of the evidence claim. Appellant's brief at 25-32.

Our standard of review for a claim that the verdict was against the weight of the evidence is as follows:

> A motion for a new trial based on a claim that the verdict is against the weight of the evidence is addressed to the discretion of the trial court. A new trial should not be granted because of a mere conflict in the testimony or because the judge on the same facts would have arrived at a different conclusion. Rather, the role of the trial judge is to determine that notwithstanding all the facts, certain facts are so clearly of greater weight that to ignore them or to give them equal weight with all the facts is to deny justice. It has often been stated that a new trial should be awarded when the jury's verdict is so contrary to the evidence as to shock one's sense of justice and the award of a new trial is imperative so that right may be given another opportunity to prevail.
>
> An appellate court's standard of review when presented with a weight of the evidence claim is distinct from the standard of review applied by the trial court:

> Appellate review of a weight claim is a review of the exercise of discretion, not of the underlying question of whether the verdict is against the weight of the evidence. Because the trial judge has had the opportunity to hear and see the evidence presented, an appellate court will give the gravest consideration to the findings and reasons advanced by the trial judge when reviewing a trial court's determination that the verdict is against the weight of the evidence. One of the least assailable reasons for granting or denying a new trial is the lower court's conviction that the verdict was or was not against the weight of the evidence and that a new trial should be granted in the interest of justice.

*Commonwealth v. Sebolka*, 205 A.3d 329, 340–341 (Pa.Super. 2019) (citations and internal quotation marks omitted).

Upon review, we find that this claim fails as Appellant has again failed to satisfy the second and third prongs of the aforementioned ineffectiveness test; namely, that trial counsel had no reasonable strategic basis for forgoing a weight claim and that Appellant suffered prejudice as a result.

"It is well settled that appellate counsel is entitled, as a matter of strategy, to for[]go even meritorious issues in favor of issues he believes pose a greater likelihood of success." *Commonwealth v. Johnson*, 139 A.3d 1257, 1276 n.9 (Pa. 2016). To prove prejudice, in turn, a petitioner must demonstrate that "but for counsel's deficient stewardship, there is a reasonable likelihood the outcome of the proceedings would have been different." *Commonwealth v. Simpson*, 66 A.3d 253, 260 (Pa. 2013) (citation omitted).

Here, the evidence presented at trial – including CSI placing Appellant at the scene of the crime and cell phone records indicating communication between Appellant and his two co-defendants at the time of the crime – overwhelmingly established that Appellant was one of the perpetrators who engaged in an armed home invasion at the victim's residence. Appellant has failed to demonstrate how a conviction on such evidence "shock[s] one's sense of justice." **Davidson**, 860 A.2d at 582. Accordingly, Appellant's claim that counsel rendered ineffective assistance in failing to pursue this claim must fail.

**IV.**

To the extent Appellant argues that his PCRA counsel was ineffective in failing to raise trial/direct appeal counsel's purported ineffectiveness with respect to the aforementioned claims, **see** Appellant's brief at 5-6, 20, 25, we find that these arguments warrant no relief.

The proper framework for alleging a layered ineffective assistance of counsel claim in the context of the PCRA is as follows:

> Succinctly stated, a petitioner must plead in his PCRA petition that his prior counsel, whose alleged ineffectiveness is at issue, was ineffective for failing to raise the claim that the counsel who preceded him was ineffective in taking or omitting some action. In addition, a petitioner must present argument, in briefs or other court memoranda, on the three prongs of the [ineffectiveness] test as to each relevant layer of representation. . . . [T]his means that the arguable merit prong of the [ineffectiveness] test as to the claim that appellate counsel was ineffective in not raising trial counsel's ineffectiveness consists of the application of the three-prong [ineffectiveness] test to

the underlying claim of trial counsel's ineffectiveness. If any one of the prongs as to trial counsel's ineffectiveness is not established, then necessarily the claim of appellate counsel's ineffectiveness fails. Only if all three prongs as to the claim of trial counsel's ineffectiveness are established, do prongs 2 and 3 of the [ineffectiveness] test as to the claim of appellate counsel's ineffectiveness have relevance, requiring a determination as to whether appellate counsel had a reasonable basis for his course of conduct in failing to raise a meritorious claim of trial counsel's ineffectiveness (prong 2) and whether petitioner was prejudiced by appellate counsel's course of conduct in not raising the meritorious claim of trial counsel's ineffectiveness (prong 3).

*Commonwealth v. Reid*, 99 A.3d 470, 482 (Pa. 2014) (citation omitted).

Here, our review of Appellant's brief indicates that he has failed to properly raise his layered ineffectiveness claims by applying the three-prong ineffectiveness test to each level of representation. A determination that trial counsel rendered ineffective assistance is a prerequisite to finding that any subsequent counsel was himself ineffective, and no such findings were demonstrated in this case. *See Commonwealth v. Burkett*, 5 A.3d 1260, 1270 (Pa.Super. 2010). Accordingly, Appellant's layered ineffectiveness claims must fail.

In reaching these conclusions, we note that "[a]lthough this Court is willing to liberally construe materials filed by a *pro se* litigant, *pro se* status confers no special benefit upon the appellant. To the contrary, any person choosing to represent himself in a legal proceeding must . . . assume that his

lack of expertise and legal training will be his undoing. **Commonwealth v. Adams**, 882 A.2d 496, 498 (Pa.Super. 2005) (citation omitted).

## V.

Appellant next argues that PCRA counsel was ineffective in basing the argument she raised on his behalf solely on **Pacheco** and law enforcement's collection of his real-time CSLI, at the expense of other potentially meritorious issues. Appellant's brief at 33-41. This claim is disingenuous.

Here, the record reflects that in her first petition to withdrawal/no-merit letter, PCRA counsel properly addressed all the claims that Appellant raised in his initial PCRA petition and ultimately found them to be meritless. **See** PCRA Petition, 7/13/21; Petition to Withdraw and **Turner**/**Finley** No-Merit Letter, 12/1/21. Accordingly, Appellant's ineffectiveness claim in this regard must fail.

## VI.

Lastly, Appellant contends that PCRA counsel was ineffective in filing her first petition to withdraw before she completely reviewed the January 31, 2019 notes of testimony. Appellant's brief at 42-50.

The PCRA court comprehensively discussed this claim in its Rule 1925(a) opinion, reasoning as follows:

> This court did not make its decision on Appellant's PCRA claims until after PCRA counsel reviewed the missing notes of testimony. PCRA counsel explained that the January 31, 2019, notes of testimony

transcribing the jury instructions and verdict were not ordered or reviewed before her initial [withdrawal motion and *Turner*/*Finley* letter] were filed on December 1, 2021. [PCRA c]ounsel explained in her Supplemental Petition To Withdraw [], filed on August 31, 2022, that "[d]uring July of 2022, counsel for both [Appellant] and Commonwealth determined that a transcript from the trial proceedings was not part of the official record of the Court[,] and PCRA Counsel, in light of her responsibility to exhaustively review the entire file, asked that the transcript be made available and for an extension until such time as the transcript was produced." *See* Supplemental Petition, [8/31/22] at 3-4, ¶ 7. PCRA counsel then explained that she "undertook another complete review of [Appellant's] file including reading all transcripts." *Id.* at ¶ 8.

As set out earlier in this opinion, PCRA counsel was required to review any claims that Appellant raised in his PCRA petition. None of his initial *pro se* claims raised any issues involving the trial court's instruction to the jury or the verdict, the testimony contained in the missing transcript.

. . . .

For all of the above reasons, PCRA counsel was not ineffective for not initially reviewing the jury instruction and verdict notes of testimony prior to filing her first [*Turner/Finley*] letter.

PCRA court opinion, 7/3/23 at 25-27 (extraneous capitalization omitted).

Following our thorough review, we find the PCRA court's rationale is supported by competent evidence and is clearly free of legal error. Accordingly, we adopt the PCRA court's analysis as our own for purposes of appellate review of this issue.

Based on all of the foregoing, we affirm the February 21, 2023 order of the PCRA court dismissing Appellant's PCRA petition.

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 4/03/2024